**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

FILED
MAR 08 2024
MICHAEL GANS
CLERK OF COURT

| | |
|---|---|
| NATIONAL ASSOCIATION OF BROADCASTERS, | |
| Petitioner, | **24-1493** |
| v. | Case No. 24-1055 |
| FEDERAL COMMUNICATIONS COMMISSION, | |
| Respondent. | |

**PETITION FOR REVIEW**

The National Association of Broadcasters ("NAB") petitions this Court for review of the Federal Communications Commission's *2018 Quadrennial Regulatory Review — Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the Telecommunications Act of 1996*, Report and Order, 89 Fed. Reg. 12196 (Feb. 15, 2024) ("Quadrennial Order"). This Petition is brought pursuant to Section 402(a) of the Communications Act of 1934, 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342 and 2344, and Rule 15(a) of the Federal Rules of Appellate Procedure.[1] NAB attaches the Quadrennial Order to this Petition

---

[1] NAB is a nonprofit trade association that advocates for free local television and radio stations and broadcast networks before Congress, the Federal Communications Commission and other agencies, and the courts.

RECEIVED
MAR 08 2024
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

as Exhibit A. Venue lies in this Court pursuant to 28 U.S.C. § 2343. However, NAB acknowledges that the U.S. Judicial Panel on Multidistrict Litigation has consolidated petitions for review of the Quadrennial Order in the United States Court of Appeals for the Eighth Circuit and that this case thus should be transferred to the Eighth Circuit pursuant to 28 U.S.C. § 2112(a)(5). *See In re: Federal Communications Commission 2018 Quadrennial Regulatory Review*, MCP No. 179, Dkt. 3 (Mar. 5, 2024).

With § 202(h) of the Telecommunications Act of 1996, Congress required the Commission to review its broadcast ownership rules every four years to "determine whether any of such rules are necessary in the public interest as the result of competition." Pub. L. No. 104-104, § 202(h), 110 Stat. 111-12. Further, Congress directed the Commission to "repeal or modify" any rule that does not meet § 202(h)'s standard, meaning the rule is no longer (or never was) "necessary in the public interest as the result of competition." *Id.*

As an initial matter, the Commission failed to meet its statutory obligation to review its broadcast ownership rules in the time period prescribed by Congress. Section 202(h) directs the Commission to determine the necessity of its broadcast ownership rules every four years. But the Commission did not finish the improperly combined 2010 and 2014 quadrennial reviews until 2017, and did not even start the *2018* Quadrennial Review proceeding until December of *2018*, when it tardily

initiated the notice-and-comment period. 84 Fed. Reg. 6741-01 (Feb. 28, 2019). Moreover, one notice-and-comment period did not suffice. More than two years later, the Commission reopened the record for an entirely new round of comments. 86 Fed. Reg. 35089-03 (July 1, 2021) ("the Media Bureau seeks to update the record in the 2018 Quadrennial Review proceeding"). Yet despite years of extended delay, NAB still had to file a petition for mandamus—and obtain an order from this Court—to prompt action from the Commission. Specifically, this Court's order gave the Commission two choices: either (1) complete the 2018 Quadrennial Review within 90 days (i.e., by December 27, 2023) or (2) "show cause" why NAB's petition should not be granted. *See Per Curiam* Order, *In re National Association of Broadcasters*, No. 23-1120 (Sept. 28, 2023). The Commission finally issued the Quadrennial Order on December 26, 2023, which was published in the Federal Register on February 15, 2024—more than *five years* after the 2018 Quadrennial Review belatedly began.

Even though the Commission gave itself more than the requisite statutory period to complete its "quadrennial" review (and perhaps because it then rushed the 2018 Quadrennial Order out the door to meet the mandamus deadline), the Commission's final product is replete with legal and factual errors. *First*, the Quadrennial Order not only retains all aspects of the Local Radio Ownership Rule and the Local Television Ownership Rule, but even *tightens* the latter rule by adding

3

new restrictions. Because § 202(h) is a *deregulatory* statute, the Commission exceeded its statutory authority by tightening rules that, even before being ratcheted up, were already hampering the ability of local radio and television broadcasters to compete in the contemporary marketplace.

*Second*, the Quadrennial Order violates the First Amendment by announcing a new content-based restriction on television stations that air multiple streams of programming. Although NAB identified (and raised directly with the Commission at least twice) the attendant First Amendment implications, as well as corresponding questions of statutory authority, the Quadrennial Order largely ignores these critical issues. *See, e.g.*, NAB Reply Comments, MB Docket No. 18-349, at 58-61 (Oct. 1, 2021); NAB Notice of *Ex Parte* Communication, MB Docket No. 18-349 (Oct. 30, 2023).

*Third*, the Quadrennial Order strays from the factor that Congress explicitly directed the Commission to consider: competition. Namely, it neglects to update the Commission's long-antiquated views of the audio and video landscape, and, in doing so, continues to pretend the myriad forms of modern competition from streaming services, Internet platforms, social media, and even cable and satellite television and satellite radio, among other sources, does not exist.

*Fourth*, the Quadrennial Order violates the Administrative Procedure Act. It fails to consider important record evidence, including data and studies submitted by

NAB and other participants, including the Department of Justice. It also reaches conclusions that run counter to the record assembled during the multiple comment periods. Additionally, significant aspects of the Commission's reasoning are illogical, inconsistent, or self-contradictory. These errors, among others, led the Commission to keep in place (or even tighten) anachronistic rules that not only harm NAB and its members, but also stifle investment in the broadcasting arena more broadly.

The Local Radio Ownership Rule and Local Television Ownership Rule have obstructed the ability of NAB and its members to achieve critical economies of scale that can ensure their long-term viability. Securing cost efficiencies is increasingly important as broadcasters face intense and growing competition for viewers, listeners, and advertisers. For example, NAB and its members submitted comments (along with supporting data and studies) demonstrating that local radio and television stations now compete with a plethora of sources that were unimaginable when the Commission first adopted its existing broadcast ownership rules in the last century. Likewise, the record shows that advertisers are increasingly diverting resources away from local radio and television stations in favor of digital promotions. But the Quadrennial Order disregards these bedrock changes in the media and advertising landscape and instead proceeds as if the competitive environment from decades ago remains essentially unchanged.

5

NAB actively participated in the proceedings below, including the initial notice-and-comment period, the subsequent "refresh" of the record, and several *ex parte* letter submissions to the Commission.

NAB requests that this Court hold unlawful, vacate, and set aside the Quadrennial Order and the Commission's unlawfully retained rules and grant any additional relief the Court may deem necessary and appropriate.

Dated: March 8, 2024

Respectfully submitted,

/s/Helgi C. Walker

| | |
|---|---|
| Rick Kaplan | Helgi C. Walker |
| Jerianne Timmerman | *Counsel of Record* |
| NATIONAL ASSOCIATION OF | Andrew G.I. Kilberg |
| BROADCASTERS | Cameron J.E. Pritchett |
| 1 M Street, S.E. | Hadhy Ayaz |
| Washington, D.C. 20003 | GIBSON, DUNN & CRUTCHER LLP |
| Telephone: (202) 429-5430 | 1050 Connecticut Ave., N.W. |
| | Washington, D.C. 20036 |
| | Telephone: (202) 955-8500 |
| | Facsimile: (202) 467-0539 |

*Attorneys for Petitioner National Association of Broadcasters*